# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 6, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOYCE COLE, WIDOW OF ROY COLE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0805**  (BOR Appeal No. 2045317)
(Claim No. 880043672)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**LONE STAR INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joyce Cole, widow of Roy Cole, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 18, 2011, in which the Board affirmed a November 5, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 27, 2009, decision denying Ms. Cole's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Cole filed an application for dependent's benefits following the death of her husband, who passed away on April 25, 2008. The decedent's death certificate listed the cause of death as respiratory failure due to occupational lung disease. Following the death of the decedent, Drs. Gaziano and Rasmussen performed medical records reviews and both found that occupational lung disease materially contributed to the decedent's death. At a hearing on July 21, 2010, the Occupational Pneumoconiosis Board noted that the decedent had forty years of exposure to occupational dust and a ten pack-year history of cigarette smoking. Although the Occupational Pneumoconiosis Board found that the decedent died a respiratory death, it also found that there is no radiographic or pathological evidence of occupational pneumoconiosis, and attributed the decedent's death to chronic obstructive pulmonary disease and cardiac disease. The Occupational Pneumoconiosis Board then found that occupational dust exposure did not materially contribute to the decedent's death.

In its Order affirming the January 27, 2009, claims administrator's decision, the Office of Judges held that occupational pneumoconiosis did not materially contribute to or hasten the decedent's death. Ms. Cole disputes this finding and asserts that the evidence of record demonstrates that occupational pneumoconiosis materially contributed to her husband's death.

The Office of Judges noted that the Occupational Pneumoconiosis Board found that Drs. Rasmussen and Gaziano never specifically made a diagnosis of occupational pneumoconiosis, but instead relied on a presumptive diagnosis of occupational pneumoconiosis made by the Occupational Pneumoconiosis Board in 1988 in reaching their respective conclusions. The Office of Judges also noted the Occupational Pneumoconiosis Board's finding that there is no radiographic or pathological evidence of occupational pneumoconiosis in the record, and its finding that the decedent's death is attributable to chronic obstructive pulmonary disease and cardiac disease. The Office of Judges then found that in light of the lack of objective diagnostic studies demonstrating the presence of occupational pneumoconiosis, the conclusions of the Occupational Pneumoconiosis Board were not clearly wrong. The Board of Review reached the same reasoned conclusions in its decision of April 18, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 6, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum